IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
LINDA LEAGUE,                    )
                                 )
                Plaintiff,       )    CIVIL ACTION
                                 )
v.                               )    No.  14-1415-MLB
                                 )
MENARD, INC.,                    )
                                 )
                Defendant.       )
                                 )
```

### MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for involuntary dismissal for failure to prosecute. (Doc. 13). The motion has been fully briefed and is ripe for decision.[1] (Docs. 14, 17). Defendant's motion is denied for the reasons herein.

**I.  Procedural History**

Plaintiff filed this action against defendant in December 2014. A scheduling order was entered by Magistrate Judge Gale on February 24, 2015. On May 8, defendant filed a motion to compel initial disclosures and discovery responses. (Doc. 9). On June 2, Magistrate Gale granted the motion and ordered plaintiff to comply with the order on or before July 2. Plaintiff did not comply. On July 20, defendant moved for involuntary dismissal. On July 31, new counsel entered their appearance for plaintiff. (Doc. 16). On August 6, plaintiff's new counsel responded to the motion to dismiss.

**II.  Analysis**

"A district court undoubtedly has discretion to sanction a party

---

[1] Defendant notified the court by email that it would not file a reply brief.

for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). This discretion includes dismissal for discovery violations. Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995); Fed. R. Civ. P. 41(b). Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice." Reed, 312 F.3d at 1195 (quotation omitted). In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. Gripe v. City of Enid, 312 F.3d 1184, 1188–89 (10th Cir. 2002).

After evaluating the factors, the court finds that dismissal is not an appropriate sanction. The degree of actual prejudice is minimal given the short time period that this case has been in discovery. Moreover, plaintiff's new counsel asserts that they are prepared to go forward and comply with all orders of the court. There is no evidence that plaintiff was culpable for the missed deadlines in this case. In fact, all counsel admit that plaintiff's prior counsel was responsible for not complying with this court's discovery order. In addition, the prior orders entered by the court do not inform plaintiff of the possibility that her case would be dismissed for failing to comply with the discovery order.

### III. Conclusion

Defendant's motion to dismiss is accordingly denied. This case will be set for a scheduling conference before Magistrate Gale. Plaintiff must comply with the discovery deadlines set by Magistrate Gale. A failure to comply with those deadlines could result in this court dismissing this action for failure to prosecute.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___20th___ day of August 2015, at Wichita, Kansas.

<pre>
                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE
</pre>